ROXANNE BROOKS AND LARRY G. BROOKS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brooks v. Commissioner
Docket No. 18528-93.
United States Tax Court
T.C. Memo 1995-400; 1995 Tax Ct. Memo LEXIS 404; 70 T.C.M. (CCH) 458; August 21, 1995, Filed *404 Decision will be entered for respondent. William G. Hardwick II, for petitioners. Martha J. Shafor, for respondent. CARLUZZO, Special Trail Judge CARLUZZO
MEMORANDUM OPINION CARLUZZO, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. [1] Respondent determined deficiencies in the amounts of $ 1,288 and $ 2,772 for the years 1988 and 1989, respectively. The issue for decision is whether petitioner Roxanne Brooks' distributive share of income from the Sandlin Furniture Co. Partnership should be reduced to zero for 1988 and 1989 because she did not receive any distributions from the partnership for those years. Some of the facts have been stipulated, and they are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by reference. During *405 the years in issue, petitioners were husband and wife and filed joint Federal income tax returns. At the time the petition was filed, petitioners resided in Memphis, Tennessee. References to petitioner are to Roxanne Brooks. Prior to his death in 1984, petitioner's father owned and operated a furniture store known as the Sandlin Furniture Co. located in Memphis, Tennessee. Petitioner's father operated Sandlin Furniture Co. as a sole proprietorship, and certain assets used in the operation of the business, namely the land and building in which the store was situated, inventory, etc., were owned by petitioner's father. Petitioner's father was murdered while working at the store. According to the provisions of petitioner's father's will, petitioner and her three brothers, Richard Sandlin, John Sandlin, and Paul Adam Sandlin, each inherited a 25-percent interest in their father's estate, which included the assets used in the operation of the furniture business. The terms of the will further provided: (1) All income generated from the estate was to be held in a trust and used for the support of petitioner's mother until the death of petitioner's mother; (2) each child was to be appointed *406 trustee and joint executor or executrix of their father's estate; and (3) each child could use or dispose of the assets he or she inherited for the benefit of the trust and the estate. Two of petitioner's brothers, Richard and John, operated the business (apparently as a partnership) after their father's death and continued to operate it after their mother's death in 1988. Following petitioner's mother's death, the relationship between petitioner and her brothers deteriorated. Petitioner believed that she was being denied her fair share of their father's estate. She believed that her brothers John and Richard were profiting from the operation of the furniture store, and that she was entitled to some compensation on account of her inherited interest in certain property that was being used in the business' operation. In March 1990, petitioner initiated a State court proceeding against her brothers seeking to dissolve the Sandlin Furniture Co. Partnership. In that lawsuit she alleged, among other things, that the Sandlin Furniture Co. was a partnership in which she and her brothers were partners. One of petitioner's brothers (Paul Adam Sandlin) ultimately denied being a partner in *407 the partnership. Petitioner filed partnership returns on behalf of the Sandlin Furniture Co. Partnership for the years 1988 and 1989 based upon information she received in the State court proceeding. Subsequently, petitioner withdrew her suit to dissolve the partnership. The parties have stipulated that the Sandlin Furniture Co. is a partnership for Federal income tax purposes although an express partnership agreement has not been provided nor have the terms of an implicit agreement been set forth in the record. Petitioner contends that she was a partner of the Sandlin Furniture Co. Partnership during the years in issue, and respondent agrees. She claims she owns a 25-percent interest in the partnership, and apparently respondent does not dispute this claim. Although her status as partner is not beyond dispute, it has not been questioned in this proceeding. [2] Based upon the agreement of the parties, we find that petitioner is a partner in the Sandlin Furniture Co. Partnership and holds a 25-percent interest in the partnership. The parties have further stipulated that the partnership's distributable income for 1988 and 1989 is $ 18,377.55 and $ 39,542.01, respectively. *408 The partnership returns filed by petitioner for the years 1988 and 1989 reflect that petitioner and her brothers were equal partners of the Sandlin Furniture Co. Partnership. The partnership returns listed petitioner as a 25-percent partner entitled to her proportionate share in the partnership's income, although petitioner did not receive any distribution for those years. Based upon these partnership returns, respondent, in her notice of deficiency, increased petitioner's taxable income for each year in accordance with her distributive share of the partnership's income. The Commissioner's determinations in a notice of deficiency are presumed correct, and the burden of proof is on the taxpayer to show that the determinations are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). A partner's distributive share of income, gain, loss, deduction, or credit is determined by the partnership agreement. Sec. 704(a); sec. 1.704-1(a), Income Tax Regs. According to section 704(b), when the partnership agreement does not so provide, a partner's distributive share is determined in accordance with the partner's interest in the partnership. Sec. *409 704(b)(1). Having found that petitioner's interest in the partnership is 25 percent, her distributive share is 25 percent of the partnership's income. Petitioner does not dispute that the amount of her distributive share is 25 percent of the income of the partnership. Petitioner asserts that her distributive share should be reduced to zero for Federal income tax purposes because she failed to receive a distribution from the partnership. [3]
A partner is taxable on her distributive share of partnership income regardless of whether she receives it or is even aware of its existence. United States v. Basye, 410 U.S. 441 (1973); *410 Johnston v. Commissioner, T.C. Memo. 1984-374; sec. 1.702-1(a), Income Tax Regs. In addition, we have held that the fact that a partner is somehow defrauded by another partner does not relieve the deceived partner from tax liability with respect to his or her distributive share of partnership income. See, e.g., Stoumen v. Commissioner, 208 F.2d 903 (3d Cir. 1954), affg. a Memorandum Opinion of this Court; Stern v. Commissioner, T.C. Memo. 1984-383. Petitioner alternatively argues that her distributive share should be adjusted pursuant to section 704(b)(2) which provides that an allocation provision in a partnership agreement will be disregarded if the allocation lacks substantial economic effect. In situations such as this, however, where a partner's distributive share is determined by reference to section 704(b)(1), the provisions of section 704(b)(2) have no application. Consequently, for the years 1988 and 1989, petitioner must include in income, as her distributive share, 25 percent of the Sandlin Furniture Co. Partnership's income. To reflect the foregoing, Decision will be entered *411 for respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the tax years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In a related case at docket No. 18938-93S, which was heard pursuant to sec. 7463, the Court was presented with similar adjustments made to one of petitioner's brothers. While the factual backgrounds in this case and the related case are similar, the issues presented for resolution are not. In the related case, we focused on the taxpayers' claim that Paul Adam Sandlin was not a partner in the Sandlin Furniture Co. Partnership, which resulted in a decision for the taxpayers. In the instant case, petitioner's status as a partner is not, and never has been, in dispute. In paragraph 4 of the petition, petitioners alleged, "Roxanne Brooks was a partner in the Sandlin Furniture Store in 1988 and 1989 as asserted by the Internal Revenue Service". Furthermore, in his opening statement at trial, petitioners' counsel stated, "Mrs. Brooks was a partner of the Sandlin Furniture Co."↩
3. In the petition and during the presentation of petitioners' case, there were claims that petitioner was defrauded out of her distributive share of the partnership's income by certain of her brothers. Petitioners did not expressly argue that they were entitled to a sec. 165(e) theft loss deduction for either year. The Court notes, based upon the record, had such an argument been made, it would have been rejected.↩